UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

R. ALEXANDER ACOSTA, Secretary of Labor,
United States Department of Labor,

                Plaintiff,

v.

LOCAL 101, TRANSPORT WORKERS UNION
OF AMERICA AFL-CIO,

                Defendant.

Civil Action No.

CV18-319

ROSS, J.

LEVY, M.J.



## COMPLAINT

Plaintiff R. Alexander Acosta, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the February 22, 2017, election of officers, by acclamation, for the office of President, conducted by Local 101, Transport Workers Union of America AFL-CIO (Defendant), is void, and directing Defendant to conduct a new election for the office of President under Plaintiff's supervision, and for other appropriate relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff R. Alexander Acosta is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Kings, New York, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the Act (29 U.S.C. §§ 402(i) and (j) and 481(b)).

7. At the time of the election, the Defendant represented approximately 1600 active and retired members who were employed by three utility employers in Brooklyn and Queens, New York.

8. Defendant, purporting to act pursuant to its Bylaws and the International's Constitution, conducted an election of officers, by acclamation, on February 22, 2017, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

9. On or about February 10, 2017, Complainant Baron Marquis, a member in good standing of the Defendant, submitted a petition of nomination with the requisite number of signatures to run for President. On or about February 13, 2017, the Defendant's Election Committee verified the petition and determined that Marquis was eligible to run.

10. On February 14, 2017, the Elections Committee sent Marquis a letter, via certified mail, advising him that he was nominated to run for the office of President. The letter also

included a Letter of Acceptance form with instructions for Marquis to sign and return the form by February 22, 2017 at noon.

11. The Elections Committee received Marquis's signed Letter of Acceptance on February 25, 2017. The Elections Committee disqualified Marquis for failing to submit the letter by the deadline.

12. By letter dated February 27, 2017 to the Defendant's Election Committee, Maquis protested the disqualification of his candidacy for the office of President.

13. By letter dated March 6, 2017, to Marquis, the Election Committee denied the protest.

14. Marquis appealed the decision of the Defendant's Election Committee to the Defendant's Executive Board by letter dated March 20, 2017.

15. By letter dated March 28, 2017, to Marquis, the Defendant's Executive Board denied the appeal.

16. Marquis appealed the decision of the Defendant's Executive Board to Defendant's International President by letter dated April 1, 2017.

17. By letter dated April 19, 2017, to Marquis, Defendant's International Secretary-Treasurer acknowledged receipt of Marquis's appeal and informed Marquis that his appeal would be forwarded to the Defendant's International Committee on Appeals.

18. By letter dated April 21, 2017, to Marquis, the International Committee on Appeals requested that Marquis provide the Committee on Appeals with supporting documents.

19. Marquis responded to the April 21, 2017 letter by letter dated May 1, 2017, enclosing an April 29, 2017 Statement of Fact Affidavit.

20. By letter dated June 5, 2017, the International Committee on Appeals denied the appeal.

21. Marquis appealed the decision of the International Committee on Appeals to the TWU Convention by letter dated June 11, 2017.

22. Marquis was notified of the Convention's decision by letter dated October 18, 2017, attaching the International Convention's October 6, 2017 letter upholding the International Committee on Appeals' finding and decision.

23. Having exhausted the remedies available and having received a final decision from the Defendant, Marquis filed a timely complaint with the Secretary of Labor on October 25, 2017, within the one calendar month required by section 402(a)(1) of the Act (29 U.S.C. § 482(a)(1)).

24. By letter signed November 2, 2017, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to January 2, 2018.

25. By letter signed December 20, 2017, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to January 17, 2018.

26. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that a violation of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's February 22, 2017 election. The violation still has not been remedied to date.

## CAUSE OF ACTION

27. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election when a member in good standing, who was otherwise qualified to be a candidate for the office of President, was denied the right to run for office because he failed to submit a signed acceptance of nomination form in accordance with the Defendant's election rules.

28. The violation of section 401(e) of the Act (29 U.S.C. § 481(e)) may have affected the outcome of the Defendant's election for the office of President.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's election for the office of President to be void;

(b) directing the Defendant to conduct a new election for the office of President under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Dated: January 17, 2018  
Brooklyn, New York

CHAD A. READLER  
Acting Assistant Attorney General

RICHARD P. DONOGHUE  
United States Attorney  
Eastern District of New York  
Attorney for Defendant  
271 Cadman Plaza East  
Brooklyn, New York 11201

By: _____  
Seth D. Eichenholtz  
Assistant United States Attorney  
(718) 254-7036  
Seth.Eichenholtz@usdoj.gov

OF COUNSEL:

NICHOLAS C. GEALE  
Acting Solicitor of Labor

BEVERLY DANKOWITZ  
Associate Solicitor

RADINE LEGUM  
Counsel for Labor-Management Programs

KIESHA N. COCKETT  
Attorney

U.S. Department of Labor